UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CARNELL HUNNICUTT                          :
                                           :     PRISONER CASE NO.
        v.                                 :     3:07-cv-1422 (JCH)
                                           :
THERESA LANTZ, et al.                      :     FEBRUARY 6, 2009


**RULING ON PENDING MOTIONS**

_____Pending before the court are Motions to Amend, to Compel and for Default filed by plaintiff and Motions for Extension of Time filed by defendants.  The court addresses the defendants' motions first.

**I.        MOTIONS FOR EXTENSION OF TIME [Doc. Nos. 24, 28]**

The defendants seek an extension of time until January 4, 2009, to respond to plaintiff's to Requests for Admission and Interrogatories.  The motion is granted.

Plaintiff has filed a document entitled "Memorandum of Law in Support of Motion for TRO and Preliminary Injunction."   As no motion for injunctive relief was filed, a deputy clerk docketed the document as a memorandum in support of the complaint.   The court construes the memorandum [**Doc. No. 25**] as a motion for injunctive relief.  Defendants' motion for extension of time[1] to respond to plaintiff's request for injunctive relief is granted.

**II.     MOTIONS TO COMPEL AND FOR EXTENSIONS OF TIME [Doc. Nos. 19, 26]**

Plaintiff's Motion for Extension of Time to file a Motion to Reopen Judgment is denied as moot.  It is clear from the motion that plaintiff intended to file it in another action, Case No. 3:05cv162 (RNC).

---

[1]  This motion was incorrectly docketed as a motion for extension of time to respond to the Complaint.

Plaintiff moves to compel the defendants to respond to a Request for Production of Documents dated October 28, 2008.[2]   The request for production is deficient in that it is not directed to a specific defendant, but rather to the defendants as a whole.   See Rule 34(a), Fed. R. Civ. P. ("A party may serve on any other party a request . . . to produce . . . any designated documents . . . . ")  The motion to compel is denied without prejudice. Plaintiff is directed to address the request for production of documents to the defendant from whom he seeks documents, and serve the request on counsel for the defendants. Counsel for the defendants is directed to respond to that request within thirty days of receiving it.

### III.   MOTION FOR EXTENSION OF TIME, TO AMEND, AND FOR DEFAULT
   [Doc. Nos. 10, 20, 22]

Plaintiff filed this civil rights action pro se and in forma pauperis alleging that the defendants tampered with, censored and confiscated outgoing and incoming mail in violation of his rights under the First, Eighth, Ninth and Fourteenth Amendments.   On May 27, 2008, the court dismissed the claims of Copyright infringement as well as the claims for violations of the Eighth and Ninth Amendments to the U.S. Constitution.  The court directed the plaintiff to file an amended complaint that included only his claims of interference with and confiscation of his incoming and outgoing mail in violation of the First and Fourteenth Amendments.   The Amended Complaint was to be filed within twenty

---

[2]  It is clear from a memorandum filed by plaintiff on January 12, 2009, that plaintiff is under the impression that neither his request for injunctive relief nor his Motion to Compel was received by the court in a timely fashion.  The docket sheet reflects that the motion to compel is dated December 10, 2008, was received by the court on December 12, 2008 and was docketed on December 15, 2008.   The request for injunctive relief, [Doc. No. 25] is dated December 8, 2008, was received by the court on December 9, 2008, and was docketed on December 9, 2008.

days of the court's Order.  In addition, the court informed the plaintiff that if he could

establish both that he obtained a valid copyright for any of his manuscripts and that any

defendant reproduced and distributed portions of that manuscript, he could file a motion

for leave to amend accompanied by a proposed amended complaint.

The plaintiff did not file an amended complaint asserting only the claims of

interference with and confiscation of his incoming and outgoing mail as directed by the

court.   Instead, he filed a Motion for Leave to File an Amended Complaint to reassert his

claim of copyright infringement as well as his claims of violations of the First, Eighth and

Fourteenth Amendments due to mail tampering/confiscation.  Defendants have filed an

objection to the motion to amend.   Plaintiff's Motion for Extension of Time to file a reply to

the defendants' objection is granted.  Plaintiff's reply has been received and docketed by

the Clerk.

The allegations in the proposed amended complaint, dated June 2, 2008,

essentially mirror the allegations in the Complaint except that the plaintiff has eliminated

his Ninth Amendment claim and has added one paragraph pertaining to his claim of

copyright infringement.  In paragraph twenty-three of the proposed Amended Complaint,

plaintiff asserts that prison staff at Northern had confiscated or copied his artwork in the

past.  In response, on July 10, 2006, plaintiff applied to the Copyright Office for a

Certificate of Registration for his cartoons created in 2005.[3]   Plaintiff claims that prison

staff at Northern informed him that they have retained copies of his most recent artwork

that they could only have obtained from defendants Donahue and Colon who work in the

---

[3] Plaintiff attaches the Certificate of Registration, effective July 19, 2006, to the
proposed Amended Complaint.

prison mailroom.

Plaintiff's Amended Complaint could be construed to assert that the cartoon that he drew of a radio disk jockey on March 16, 2007, which was confiscated by defendant Colon on March 22, 2007, was copied or otherwise reproduced or distributed.  See Compl. ¶ 17-19, 23.  However, plaintiff has not alleged that he obtained a valid copyright for this piece of artwork or any of his more recent artwork; the Copyright Registration Certificate applies to cartoons created in 2005.  Registering a Copyright is a prerequisite to filing a suit for copyright infringement.  Accordingly, the plaintiff's request for leave to amend to re-assert a claim of Copyright infringement as alleged in the proposed amended complaint is denied.

Plaintiff is directed to file an amended complaint within **twenty days** of the date of this Order including **only** the claims that the defendants interfered with and confiscated his incoming and outgoing mail in violation of the First and Fourteenth Amendments.  The amended complaint shall not include claims for deliberate indifference, violations of the Eighth or Ninth Amendments or for Copyright infringement.  In view of this Order, the Motion for Default for failure to respond to the complaint is denied as moot.

**Defendants shall** file their response to the Amended Complaint, either an answer or Motion to Dismiss, within **(40)** days from the date of this Order.  If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They may also include any and all additional defenses permitted by the Federal Rules.

**Discovery**, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **four months (120 days)** from the date of this Order.  Discovery requests

need not be filed with the court.

**All motions for summary judgment** shall be filed within **five months (150 days)** from the date of this Order.

**IV.     CONCLUSION**

Defendants' Motion for Extension of Time **[Doc. No. 24**] to Respond to Requests for Admission and Interrogatories is **GRANTED**.  **Within ten days of the date of this Order, counsel for the defendants shall file a notice of compliance indicating the date on which he served the answers to the Requests for Admissions and Interrogatories on plaintiff.**

The court construes [**Doc. No. 25**] as a motion for injunctive relief.  Defendants' Motion for Extension of Time [**Doc. No. 28**] to respond to plaintiff's request for injunctive relief is **GRANTED**.  **Defendants shall file their response to the request within twenty days of the date of this Order.**  Plaintiff's Motion for Extension of Time **[Doc. No. 20**] to file a reply to the defendants' objection to the motion to amend is **GRANTED**.  The Motion for Default **[Doc. No. 22**] for failure to respond to the complaint and Motion for Extension of Time to file a motion to reopen judgment [**Doc. No. 19**] are **DENIED**.  **The Clerk is directed to docket a copy of the Motion for Extension of Time to file a motion to reopen in Case No. 3:05cv162 (RNC).**

Plaintiff's Motion for Leave to File an Amended Complaint [**Doc. No. 10**] to reassert a claim of Copyright infringement is **DENIED**.  Plaintiff is directed to file an amended complaint within **twenty days** of the date of this order including **only** the claims that the defendants interfered with and confiscated his incoming and outgoing mail in violation of the First and Fourteenth Amendments.  The amended complaint shall not include claims

for deliberate indifference, violations of the Eighth or Ninth Amendments or for Copyright

infringement.  Failure to timely file an amended complaint will result in dismissal of this

action without further notice from the court.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 6th day of February, 2009.


 /s/ Janet C. Hall_____
Janet C. Hall
United States District Judge