UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARNELL HUNNICUTT | : |
| | :    PRISONER CASE NO. |
| v. | :    3:07-cv-1422 (JCH) |
| | : |
| THERESA LANTZ, ET AL. | :    JANUARY 28, 2010 |

### RULING ON PENDING MOTIONS

The plaintiff, Carnell Hunnicutt, who is currently confined at the Northern Correctional Institution ("Northern") in Somers, Connecticut, has filed a civil rights action against eight defendants, all of whom are employed by the Connecticut Department of Correction. Hunnicutt claims that the defendants have interfered with and confiscated his incoming and outgoing mail, in violation of the First and Fourteenth Amendments. Pending before the court are two motions for injunctive relief and motions to compel, for sanctions, to amend and for in camera review. For the reasons set forth below, Hunnicutt's Motion to Compel is granted. The remainder of the pending motions are denied.

### I.     MOTIONS FOR INJUNCTIVE RELIEF

The plaintiff has filed two motions for injunctive relief seeking a court order directing the defendants to cease withholding and tampering with his mail and confiscating his artwork. For the reasons set forth below, the motions are denied.

Interim injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam) (emphasis, internal quotation marks and citation omitted). "A party seeking a preliminary injunction in this Circuit must show: (1) irreparable harm in the absence of the injunction and (2) either (a) a

likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." Random House, Inc. v. Rosetta Books LLC, 283 F.3d 490, 491 (2d Cir. 2002) (per curiam).  A showing of irreparable harm is "the single most important prerequisite for the issuance of a preliminary injunction." Rodriguez v. DeBuono, 175 F.3d 227, 234 (2d Cir.1999) (internal quotation marks and citations omitted).  To meet the requirement of irreparable harm, "[p]laintiffs must demonstrate that absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." Grand River Enter. Six Nations, Ltd. v. Pryor, 481 F.3d 60, 66 (2d Cir. 2007) (internal quotation marks and citations omitted).  "Where there is an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances." Moore v. Consol. Edison Co. of N.Y., 409 F.3d 506, 510 (2d Cir. 2005).

　　　　Although a hearing is generally required on a properly supported motion for preliminary injunction, oral argument and testimony are not required in all cases.  See Maryland Cas. Co. v. Realty Advisory Bd. on Labor Relations, 107 F.3d 979, 984 (2d Cir. 1997).  Where, as here, "the record before a district court permits it to conclude that there is no factual dispute which must be resolved by an evidentiary hearing, a preliminary injunction may be granted or denied without hearing oral testimony." 7 James W. Moore, et al., Moore's Federal Practice ¶ 65.04[3] (2d ed.1995).  Upon review of the record, the court determines that oral testimony and argument are not necessary in this case.

A. <u>First Motion for Injunctive Relief [Doc. No. 45]</u>

Plaintiff complains that, since his return to Northern in September 2008, he has not received any subscriptions to various newsletters, newspapers and magazines. <u>See</u> Decl. Supp. Mot. Prelim. Inj. at ¶¶ 3-4. Although plaintiff's Declaration is dated May 13, 2009, it is clear from the statements in the Declaration, as well as the fact that it is identical to the declaration attached to another document docketed in this case on December 9, 2008, that it was written in December 2008. <u>See</u> Doc. No. 25. In response, defendants filed the Affidavit of Counselor Supervisor Brian Bradway. <u>See</u> Mem. Opp'n Mot. Prelim. Inj., Ex. B. Counselor Bradway avers that he investigated the allegations of interference with plaintiff's incoming mail and found that plaintiff had received the publications mentioned in the motion for injunctive relief. <u>See id.</u> at ¶ 4. Attached to the Affidavit are Publication Acknowledgment Sheets showing the publications received by plaintiff during the period from September 20, 2008 to December 2, 2008. <u>See id.</u> at Ex. C. Plaintiff has not filed any evidence to contradict the Affidavit of Counselor Bradway.

In addition to plaintiff's complaints regarding his receipt of newsletters, plaintiff claims that, in November 2008, a letter containing a newspaper article from a friend and an affidavit and an email from two members of his family did not reach him. Attached to plaintiff's Declaration are copies of two letters from his sister dated in January and April 2009. Both letters are sent in response to letters sent from plaintiff. In the letter dated in January 2009, plaintiff's sister indicates that she had received two letters from him with artwork on the envelopes and that one of the envelopes had been opened, but his note was still inside. Plaintiff claims that a cartoon included in that envelope was not inside when it reached his sister. The letter dated April 2009 references copies of three different

3

cartoons that were sent to Lois Aherns of the Real Cost of Prisons Project, who then sent copies to plaintiff's sister.[1]

Plaintiff's complaints about interference with his outgoing mail in November 2008 and January 2009 do not constitute danger of immediate harm. Plaintiff includes no allegations of mail interference since January 2009. Furthermore, plaintiff's correspondence with his sister from April 2009 reflects that his letters to her had been received and that his artwork had been received by her as well as another individual outside of Northern. See Letter Dated April 21, 2009 (Doc. No. 45-3, Att. E). Accordingly, the court concludes that plaintiff has failed to demonstrate that he will suffer imminent harm or injury if his request that the defendants be enjoined from tampering with or confiscating his social correspondence, artwork or subscriptions to various newsletters or newspapers.

   B. <u>Second Motion for Injunctive Relief [Doc. No. 53]</u>

In the Declaration filed in support of this motion, plaintiff again complains that he has experienced delays in his outgoing and incoming mail since September 2008. He attaches the same letters to his declaration that were attached to the declaration filed in support of the first motion for injunctive relief. In addition, plaintiff attaches a letter and a postcard, both dated October 23, 2009, from Lois Aherns of the Real Cost of Prisons Project. Ms. Aherns indicates that she is responding to plaintiff's September 13, 2009

---

[1] Attached to plaintiff's Memorandum in Support of his Motion for Injunctive Relief are copies of declarations of six inmates residing at Northern. These inmates claim interference with their incoming and outgoing mail. None of the inmates are parties to this lawsuit, and the court has not certified this case as a class action. Accordingly, the claims of these inmates regarding mail problems at Northern are not relevant to the plaintiff's claims or his request for injunctive relief.

letter which was received by her on October 22, 2009. She informs plaintiff that Northern correctional officials have responded to her request for the proper form to be submitted to scheduled a visit with him. It is evident from the date of his Declaration that plaintiff received the correspondence from Ms. Aherns within a week of the date on which it was written. Plaintiff includes no other examples of delayed correspondence in his Declaration. The fact that one letter mailed by plaintiff in September 2009, was delayed in reaching the recipient does not constitute imminent harm.

Plaintiff also asserts that the new warden at Northern, Angel Quiros, has issued orders directing correctional officers to search his cell for cartoons drawn of prison staff, to confiscate any cartoons depicting staff and to issue plaintiff a disciplinary report for drawing the cartoons. Plaintiff claims that Warden Quiros has issued these orders in an effort to stop him from sending cartoons to an audience outside the prison. He generally asserts that the delays in receipt of his outgoing and incoming correspondence might sever bonds with his family and friends and the confiscation of his cartoons will deprive individuals outside the prison of the opportunity to view this artwork.

Warden Quiros is not a defendant in this action, and the allegations regarding his orders to search plaintiff's cell, to confiscate cartoons drawn of prison staff, and to issue disciplinary reports are not claims in the Amended Complaint. A court must have jurisdiction over a person before it can validly enter a preliminary injunction against him or her. See Weitzman v. Stein, 897 F.2d 653, 658-59 (2d Cir. 1990). Because Warden Quiros is not a party to this action, the court does not have in personam jurisdiction over him and cannot enjoin his actions.

The claim that the delays in plaintiff's outgoing and incoming correspondence might

possibly impact his relationships with his family and friends is speculative and does not constitute imminent harm.  Furthermore, courts have held consistently that individuals do not have standing to assert claims on behalf of other individuals.  See Singleton v. Wulff, 428 U.S. 106, 114 (1976) ("'Ordinarily, one may not claim standing in this Court to vindicate the constitutional rights of some third party'") (citations omitted); Golden Hill Paugussett Tribe of Indians v. Weicker, 39 F.3d 51, 58 (2d Cir. 1994) (standing requires that "plaintiff assert its own legal rights, and not those of third parties").  Accordingly, the request for injunctive relief on behalf of individuals outside the prison is denied.   For all of the reasons stated above, the Second Motion for Injunctive Relief is denied.

## II.     MOTIONS TO COMPEL AND FOR SANCTIONS [Docs. Nos. 51, 52]

On July 14, 2009, the court granted defendants' Motion for Extension of Time to respond to plaintiff's June 2009 Interrogatories and Requests for Admission; the court ordered the defendants to respond to these discovery requests on or before August 1, 2009.  See Order (Doc. No. 50).  Plaintiff asserts that the defendants have failed to respond to his June 2009 discovery requests.  He seeks a court order compelling them respond to these requests and also seeks sanctions.

A party may seek the assistance of the court only after he has complied with the provisions of Fed. R. Civ. P. 37(a)(2)(A) and Rule 37(a)2 of the Local Civil Rules of the United States District Court for the District of Connecticut.  Under both rules, a motion to compel must include a certification that the plaintiff has made an attempt to confer with opposing counsel in a good faith effort to resolve the discovery dispute without the intervention of the court.  The plaintiff does not allege that he made any attempt to confer with counsel for defendants prior to filing his Motion to Compel.  However, to date, the

defendants have not filed opposition to that motion. The court therefore grants the Motion to Compel. Defendants are ordered to respond to plaintiff's discovery requests by February 22, 2010.

Counsel for the defendants should have responded to plaintiff's June 2009 discovery requests. On or before February 22, 2010, counsel for the defendants shall file a Notice of Compliance, indicating the date on which he complied with plaintiff's June 2009 discovery requests. The court denies the Motion for Sanctions without prejudice to refiling if counsel fails to file the Notice of Compliance by February 22, 2010, or fails to comply with discovery by that date.

### III.    MOTIONS TO AMEND AND FOR IN CAMERA REVIEW [Docs. Nos. 54, 55]

Plaintiff seeks to file a second amended complaint to add new defendants and new claims. Fed. R. Civ. P. 15(a) provides that permission to amend a complaint "shall be freely given when justice so requires." In determining whether to grant leave to amend, the court considers such factors as undue delay, bad faith, dilatory motive, undue prejudice, and futility of the proposed amendment. See Forman v. Davis, 371 U.S. 178, 182 (1962).

Plaintiff does not identify the individuals that he seeks to add as defendants and has not filed a proposed second amended complaint. Plaintiff generally asserts that the individuals he seeks to add have delayed and withheld his mail and have directed correctional staff to issue him a disciplinary ticket if he draws any cartoons of any Department of Correction employees.

At this point, discovery has closed (except to the extent stated, supra, as to plaintiff's Motion to Compel), and the deadline for filing motions for summary judgment has

expired. This case is now ready for a pre-trial conference. Any addition of new defendants and claims would unnecessarily delay the litigation of this case and prejudice the existing defendants. Justice does not require that the plaintiff be permitted to file an second amended complaint to add claims against new individuals. The motion for leave to amend is denied.

Plaintiff's Motion for In Camera Review relates to cartoons that he claims were recently confiscated by employees at Northern. As it pertains to the claims that plaintiff sought to add in his Motion to Amend, the Motion for In Camera Review is denied.

## IV. CONCLUSION

The Motions for Injunctive Relief **[Doc. Nos. 45, 53]**, Motion for Sanctions **[Doc. No. 52]** and Motions to Amend and for In Camera Review **[Docs. Nos. 54, 55]** are **DENIED**. The Motion to Compel **[Doc. No. 51]** is **GRANTED**.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 28th day of January, 2010.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge